AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA Anita Eve)   20-109

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Tiffany George | ) | Case No. 20-MJ-1614 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 12, 2020 through July 7, 2020__ in the county of _____Chester_____ in the
__Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1040(a)(2) | Fraud in connection with major disaster or emergency funds |
| 18 U.S.C. Section 1341 | Mail fraud |
| 18 U.S.C. Section 641 | Theft of government funds |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

s/ Erica Faust
*Complainant's signature*

Erica Faust, Special Agent DOL-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/1/2020

*Judge's signature*

City and state: Allentown, PA

Henry S. Perkin, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Magistrate No. 20-1614 |
| TIFFANY GEORGE ) | [UNDER SEAL] |
| ) | (18 U.S.C. §§ 1040(a)(2) and 2) |
| ) | (18 U.S.C. § 1341) |
| ) | (18 U.S.C. § 641) |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Erica Faust, being duly sworn, state as follows:

### INTRODUCTION

1. I am a Special Agent (SA) with U.S. Department of Labor, Office of the Inspector General (DOL-OIG), Office of Investigations, and have been since September 2015. I am currently assigned to the Philadelphia Regional Office where I have been involved in investigating violations of identity theft, fraud against the government, and unemployment insurance fraud. I hold a Bachelor's degree in Business Administration. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations and to make arrests for federal felony offenses.

2. I make this affidavit in support of a criminal complaint charging TIFFANY GEORGE ("GEORGE") with fraud in connection with major disaster or emergency benefits, in violation of Title 18, United States Code, Section 1040(a)(2), mail fraud, in violation of 18 U.S.C. § 1341, and theft of government funds, in violation of Title 18, United States Code, Section 641.

3. Specifically, as set forth below, I have probable cause to believe that GEORGE knowingly filed fraudulent applications for monetary benefits under the Pandemic Unemployment Assistance (PUA) program from the United States government, via the

Commonwealth of Pennsylvania, as defined in the Coronavirus Aid, Relief, and Economic Security Act for her associates, incarcerated individuals, and themselves.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge about this matter

## BACKGROUND

5. On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

6. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law. The CARES Act created the PUA program, which provides unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

7. The PUA program is administered by the various states, including the Commonwealth of Pennsylvania, but its benefits are funded in part by the federal government. In Pennsylvania, the Pennsylvania Department of Labor and Industry (PA DLI) administers the PUA program.

8. According to the PA DLI, a PUA claim must be made online via the PUA website, https://pua.benefits.uc.gov. The applicant must enter personal identification information, including name, date of birth, social security number, email address, telephone number, and a physical address. An applicant must also answer a series of questions that enable the PA DLI to determine the applicant's eligibility and payment amount.

9. An applicant is only eligible to receive weekly PUA benefits if they are unemployed for reasons related to the COVID-19 pandemic. The applicant must certify, under penalty of perjury, that they are able to go to work each day and, if offered a job, the applicant must be able to accept it. An applicant must read and understand the PUA Compensation Handbook, which indicates that any earnings must be reported for each week a person works.

10. If the PA DLI approves an application for PUA benefits, the benefits recipient will receive benefits in the form of checks, electronic fund transfers, or debit cards, and the checks and debit cards are mailed via the United States Postal Service to the physical address that appeared on the application.

11. The recipient of PUA benefits receives a unique Personal Identification Number (PIN) to access the PUA portal each week to certify their unemployment status. Payments for PUA are based on a seven-day period, from Sunday through Saturday. Thus, the benefits recipient must certify every seven days that he or she: was ready, willing and able to work each day; was seeking full time employment; did not refuse any job offers or referrals; and, had reported any employment during the week and the gross pay or other payments received. The weekly certification was required to be completed in a timely manner. A delay in the weekly certification could result in a delay or denial of further payments.

12. Knowingly making a materially false, fictitious, or fraudulent statement or representation in connection with an application for Pandemic Unemployment Assistance or Federal Pandemic Unemployment Compensation benefits violates Title 18, United States Code, Section 1040(a)(2), which prohibits Fraud in Connection with Emergency Benefits. Whoever, having devised or intending to devise any scheme or artifice to

defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, causes to be deposited any matter or thing whatever to be sent or delivered by the Postal Service or any private or commercial interstate carrier, violates Title 18, United States Code, Section 1341. Whoever embezzles, steals, purloins, or knowingly converts to his own use or the use of another, or without authority disposes of any money of the United States or of any department or agency thereof violates Title 18, United States Code, Section 641.

**PROBABLE CAUSE**

13. On or around May 12, 2020, an application for PA PUA benefits was filed in the name of Individual 1. The social security number and date of birth on the PUA application matched records for Chester County Prison (CCP) inmate Individual 1. Individual 1 has been in CCP custody since on or about February 28, 2020, through September 28, 2020. Weekly certifications made to the PA DLI alleged that Individual 1 was unemployed due to the COVID-19 pandemic from work week ending March 21, 2020, through work week ending July 25, 2020.

14. The mailing address for Individual 1 that appeared on his/her application is 1927 Crest Drive, Coatesville, PA 19320 ("1927 Crest Drive"). The PUA application listed Company 1 of Nashville, TN as Individual 1's last employer. The PUA application stated that Individual 1's last day of work with Company 1 was March 19, 2020. The PUA application further indicated that Individual 1 was laid off from employment due to COVID-19-related reasons.

15. According to PA DLI PUA claims data, an application was filed in GEORGE's name for PUA benefits on or around May 2, 2020. The address on GEORGE's application is also 1927 Crest Drive.

16. CCP provided this Affiant with recordings of phone calls between GEORGE and Individual 1. Individual 1 used his/her CCP inmate PIN to call GEORGE. On May 4, 2020, one of the CCP recorded calls captured GEORGE telling Individual 1 that she filed for unemployment benefits for him. During the call, GEORGE stated that "I'm gonna go out to the mailbox in a minute because I got, ummm, I could see in the mail today that I got something from unemployment for you. Cause I don't know if I told you or not, I filed for unemployment for you and if you get approved I already opened an account." GEORGE then explained to Individual 1 that she has been setting up bank accounts for Individual 1. GEORGE then stated later in the conversation "If you get approved I was just gonna stack the money in your account and use it to bail you out."

17. After the call referenced in paragraph 16 timed out, Individual 1 called GEORGE back. In this subsequent conversation, GEORGE goes on to explain that she filled out Individual 1's unemployment application and his/her work history, as well as an additional unemployment application for another individual.

18. On September 11, 2020, this Affiant and two agents visited Individual 1 in CCP custody and interviewed him/her. After agents advised Individual 1 of his/her Constitutional rights, Individual 1 stated that he/she had contacted GEORGE to inquire about filing a PUA claim. Individual 1 stated that GEORGE told him/her that she had already filed a PUA claim in Individual 1's name. Individual 1 stated he/she never worked for Company 1 and had been incarcerated since the end of February 2020 through the date of the interview.

19. On September 17, 2020, this Affiant and another agent met GEORGE at Starbucks in Exton, PA to conduct an interview regarding PUA applications she had filed. GEORGE was advised that the interview was voluntary and that she could leave at

any time.

20.     During the interview, GEORGE admitted that she had filed Individual 1's PUA claim on his/her behalf so that Individual 1 would have money saved for when Individual 1 was released from jail. GEORGE also stated that she completed the weekly certifications for Individual 1's claim. GEORGE stated that Individual 1 provided her with his/her personal identification information to prepare Individual 1's income tax returns. GEORGE used that information to prepare Individual 1's PUA claim.

21.     GEORGE recalled receiving the US bank VISA debit card in the mail at her home address, which she identified as Individual 1's mailing address on the PUA application. GEORGE stated that she used the PUA funds on the debit card for her personal expenses.

22.     Based on the information set forth above, there is probable cause to believe that GEORGE submitted a PUA application on behalf of Individual 1 for a period of time when she knew Individual 1 was incarcerated and unable to accept work and made the following material false, fictitious, or fraudulent statements or representations:

     a.     GEORGE falsely represented that she was Individual 1.

     b.     GEORGE falsely answered "YES" to the question, "If offered a job, are you able and available to accept it?"

     c.     GEORGE falsely answered "YES" to the question, "Are you unemployed as a direct result of a pandemic or major disaster?"

     d.     GEORGE falsely stated that Individual 1 was a former employee of Company 1 and that Individual 1's last day of work was March 19, 2020.

     e.     On Individual 1's behalf and under penalty of perjury, GEORGE falsely stated that the representations contained in the application were true and correct.

23.     On or around May 13, 2020, through on or around July 7, 2020 the Pennsylvania

Treasury Department issued PUA benefits payable to Individual 1 for a total of $10,360.00

24. Pennsylvania Treasury Department records show that from on or around June 15, 2020, through on or around July 7, 2020, $2,860 of the $10,360 in PUA benefits Individual 1's claim received was deposited onto a US Bank VISA Debit. During her interview with this Affiant, GEORGE acknowledged that she spent the funds on the debit card on her personal expenses.

25. US Bank VISA debit cards containing PUA funds are mailed to the mailing address listed on the PUA application using the United States Postal Service.

26. In the CARES Act, the United States government intended to provide major disaster and emergency unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits. The PA DLI relied on applicants to the PUA program, which administered the distribution of benefits, to make truthful representations. However, GEORGE knowingly made materially false, fictitious, or fraudulent statements or representations in connection with applications submitted on the PUA website.

## CONCLUSION

27. Based on the above information, your Affiant submits that there is probable cause to believe that GEORGE committed fraud in connection with major disaster or emergency benefits, in violation of Title 18, United States Code, Section 1040(a)(2), mail fraud, in violation of 18 U.S.C. § 1341, and, theft of government funds, in violation of Title 18, United States Code, Section 641.

Respectfully submitted,

/s/ Erica Faust
Erica Faust, Special Agent
U.S. Department of Labor
Office of the Inspector General

Subscribed and sworn to before me

on this /s/ day of October, 2020

**HONORABLE HENRY S. PERKIN**
**UNITED STATES MAGISTRATE JUDGE**